[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MODIFICATION OF SUPPORT
On September 24, 1990, this court heard and decided the defendant's motion for modification of support dated March 29, 1990. At that hearing the court denied the defendant's motion and found that the defendant did not prove a substantial change in circumstances. The defendant has asked that the court articulate its reasons for denying his motion for modification.
The court feels that its reasons for denying the defendant's motion are adequately stated on the record, the court nonetheless will set forth and amplify its reasons in this memorandum.
This motion is post judgment and the parties have agreed that prior to the date of the instant motion (March 29, 1990) the support of the two minor children was last modified on June 12, 1989 to $400.00 per week. The parties further agree that the financial affidavit submitted in connection with the June 12, 1989 modification were the affidavits of the plaintiff dated June 5, 1989, and the defendant dated June 2, 1989. The parties stipulated that the support modification of June 12, 1989 was made with the agreement of the parties. CT Page 5912 The financial affidavits submitted in connection with the instant motion were the affidavits of the defendant dated September 24, 1990, and the affidavit of the plaintiff also dated September 24, 1990.
In order to determine whether the defendant's circumstances had changed substantially, as was alleged in the instant motion, the court must compare the present circumstances with those circumstances that existed on the date of the last modification, in this case June 12, 1989. Cersosimo v. Cersosimo, 188 Conn. 385, 404. The financial affidavit that the defendant filed on June 2, 1989, indicated a gross wage of $300.00 per week and a net wage of $230.00 per week. The affidavit filed in connection with the instant motion (September 24, 1990) the financial affidavit shows no gross or net weekly wages and the affidavit states that he is unemployed. The testimony of the defendant in connection with the instant matter in connection with his employment was otherwise than was stated, under oath, on his financial affidavit. The court finds that the defendant was not unemployed, but in fact was self-employed, in a construction business. The defendant testified that from January 19, 1990 to the date of the hearing, his company grossed $130,000.00 and that he personally netted the sum of $15,000.00. The plaintiff submitted, as an exhibit, at the hearing, his 1989 tax return which indicated that in the year 1989, his gross earnings from his business was $87,247.00. Mr. Hychko, the defendant, further testified that in addition to the $15,000.00 net income he received in the year 1990, he was also waiting for monies due him from a job that he had completed approximately five weeks earlier. At the time of the hearing Mr. Hychko testified that he was still attempting to keep his business "going". Based on the testimony of the defendant, Mr. Hychko, the court found that there was no substantial change in his financial circumstances since June 12, 1989. The court found that the defendant's net earnings from January, 1990 to the date of the hearing was approximately $400.00 per week which was substantially more than the defendant represented he earned by virtue of his affidavit dated June 5, 1989. The court further found from the testimony of the defendant that the defendant's business to September 24, 1990, had already grossed $130,000.00 as compared to the total gross earnings in the year of 1989 of only $87,247.00. In any event, the court finds that there was no downward change in the defendant's financial circumstances since the date of the last modification (June 12, 1989) and therefore denies the defendant's motion for a modification. CT Page 5913
The defendant argues that he was obviously earning more in 1989 to justify the support payment of $400.00 per week. However, the defendant testified that in 1989, contrary to a sworn financial affidavit, the he was earning, "$400.00 or $500.00 a week, approximately". The court does not know whether the $400.00 or $500.00 that the defendant claimed that he made in 1989 was gross or net. In any event, even if the court should disregard the defendant's sworn financial affidavit of 1989, and find that the defendant was earning approximately $400.00 or $500.00 either net or gross, the court would not find that to be a substantial change in circumstances to justify a modification.
The defendant, in his motion for articulation dated September 26th asked the court to comment on whether it considered the support guidelines. The court did not consider the support guidelines because the defendant did not, in his motion to modify dated March 29th, seek to modify the support based on the guidelines. Furthermore, there was no testimony at the hearing on September 24, 1990, relative to the support guidelines. In addition, the amendment to 46b-86 providing for modification based on a substantial deviation from the child support guidelines, was not even enacted at the time the defendant filed his motion in March of 1990. In any event, the court did not consider the child support guidelines in denying the defendant's motion for modification.
J. H. Pellegrino, J.